UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BLAKE ANTHONY                              CIVIL ACTION

VERSUS                                     NO. 23-2847

CHEVRON U.S.A INC.; DANOS                  SECTION: "J"(4)
L.L.C.; BAKER HUGHES ENERGY
OILFIELD TECHNOLOGY, INC.;
DRIL-QUIP, INC. OF TEXAS;
SPARROWS OFFSHORE INC.;
SPARROWS OFFSHORE, LLC

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss for Failure to State a Claim and Alternative Motion for More Definite Statement* **(Rec. Doc. 17)** filed by Defendant, Sparrows Offshore, LLC ("Sparrows"). Plaintiff Blake Anthony opposes the motion; (Rec. Doc. 19); and Sparrows filed a reply; (Rec. Doc. 22). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

On July 8, 2022, Anthony was employed as a roustabout by Parker Drilling Company d/b/a Parker Wellbore ("Parker Wellbore"), on an offshore drilling and production platform, the Chevron Genesis spar platform in the Gulf of Mexico, owned and operated by Defendant Chevron U.S.A. Inc. ("Chevron"). Defendants Baker Hughes Energy Oilfield Technology Inc. ("Baker Hughes") and Dril-Quip, Inc. ("Dril-

Quip") each had equipment on the deck. At 9:00 p.m. Chevron ordered the Parker Wellbore employees to perform a "hazard hunt." While performing the hazard hunt in the dark, Plaintiff tripped and fell over extra rigging attached to Drip-Quip's box of equipment and injured his back and neck. These injuries caused him to lose sensation in his right leg and lose control of his bladder.

Movant Sparrows employed the crane operators onboard the night of Anthony's injury. In his amended complaint, Anthony alleges that Sparrows's crane operators "did not take reasonable caution to keep the platform uncluttered or Plaintiff warned of the dangerous work environment0 [sic] and thus contributed to [his] injury." (Rec. Doc. 10, at 4).

Anthony filed suit in the 21st Judicial District Court of Tangipahoa Parish on June 21, 2023, and Chevron timely removed this case to this Court on July 27, 2023. (Rec. Doc. 1). Sparrows filed its first motion to dismiss for failure to state a claim and alternative motion for more definite statement on August 3, 2023. (Rec. Doc. 6). On August 15, 2023, Anthony filed an amended complaint and a response to Sparrows's motion. (Rec. Docs. 10, 11). On August 24, 2023, Sparrows withdrew its first motion to dismiss, and on August 28, 2023, Sparrows filed the instant motion, arguing that Anthony has failed, after an amendment, to state a claim against Sparrows and that further amendments to his complaint would be futile. (Rec. Doc. 17). In the alternative, Sparrows contends that Anthony should be ordered to submit a more definite statement. *Id.*

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement when "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The standard for evaluating a motion for more definite statement is whether the complaint "so excessively vague and ambiguous to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Phillips v. ABB Combustion Eng'g, Inc.*, No. 13-594, 2013

3

WL 3155224, at *2 (E.D. La. June 19, 2013) (quoting *Babcock v. Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006) (Barbier, J.)); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (holding that a Rule 12(e) motion may be appropriate "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice").

When evaluating a motion for more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, which provides that a pleading which sets for a claim for relief shall contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8. Federal Rule of Civil Procedure 9(f), which should be read in conjunction with Rule 8, states that averments of time and place are material for the purpose of testing the sufficiency of a pleading; specific pleading of these averments, however, is not required. Fed. R. Civ. P. 9(f). As Wright and Miller explain:

> If the movant believes the opponent's pleading does not state a claim for relief, the proper course is a motion under Rule 12(b)(6) rather than Rule 12(e). If the pleading is impermissibly vague, the court may act under Rule 12(b)(6) or Rule 12(e), whichever is appropriate, without regard to how the motion is denominated.

5C Wright & Miller, Fed. Prac. and Proc. § 1376 (3d ed.).

As a result of the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). The availability of extensive discovery is another factor in the disfavored status of the motion for more definite statement. Such a motion is inappropriate

where the information sought can otherwise be obtained by discovery. *Gibson v. Deep Delta Contractors, Inc.*, No. 97–3791, 2000 WL 28174, at *6 (E.D. La. Jan. 14, 2000). When a defendant needs additional information to prepare for trial, discovery is the proper procedure instead of a 12(e) motion. *Federal Deposit Ins. Corp. v. Fidelity and Deposit Co. of Md.*, 118 F.R.D. 435, 437 (M.D. La. 1988). This motion is further disfavored when "the particular information defendant is seeking is within defendant's own knowledge, which mitigates in favor of denying the motion." *Concepcion v. Bomar Holdings, Inc.*, 1990 WL 13257, at *2 (S.D.N.Y.1990).

This Court "has considerable discretion in deciding whether to grant a Rule 12(e) motion." *Murungi v. Tex. Guaranteed*, 646 F.Supp.2d804,811 (E.D.La.2009) (citations omitted). "If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e).

## **DISCUSSION**

### I.      **Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim**

Sparrows argues first that Louisiana tort law applies to Anthony's claims as surrogate federal law under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq.* ("OSCLA"). (Rec. Doc. 17-1, at 3). Under the OCSLA, federal law applies to the outer Continental Shelf "to the same extent as if the outer Continental Shelf were an area of exclusive Federal jurisdiction located within a State." 43 U.S.C. § 1333(a)(1). So, "the only law on the [outer Continental Shelf] is federal law, and state laws are

adopted as federal law only 'to the extent that they are applicable and not inconsistent with' federal law." *Parker Drilling Mgmt. Servs., Ltd. v. Newton*, 139 S. Ct. 1881, 1889 (2019) (quoting 43 U.S.C. § 1333(a)(2)(A)) (internal brackets omitted). State law is "applicable and not inconsistent with" federal law "only if federal law does not address the relevant issue." *Parker Drilling*, 139 S. Ct. at 1889. The parties do not dispute that under the OCSLA, Louisiana tort law, as surrogate federal law, governs this negligence action as the state adjacent to the seabed where Anthony was injured.

To prove negligence under Louisiana law, a plaintiff must show  (1) the defendant had a duty to conform its conduct to a specific standard of care; (2) the defendant failed to conform its conduct to the standard of care; (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the injuries; and (5) actual damages. *Brewer v. J.B. Hunt Transport, Inc.*, 35 So. 3d 230, 240 (La. 2010). The threshold question is whether the defendant owed a duty, which is a question of law. *Id.*

Independent contractors generally owe no duty "to protect the employee of another independent contractor beyond the exercise of ordinary care that is owed to the public." *McCarroll v. Wood Group Mgmt. Servs., Inc.*, 561 F.App'x. 407, 410 (5th Cir. 2014). Thus, other than the duty to refrain from gross, willful or wanton negligence and the duty to refrain from creating an unreasonable risk of harm or hazardous condition, one independent contractor owes no duty to another independent contractor's employee "where it does not employ, share a contract, or actually supervise" that employee. *Fornah v. Tetra Applied Techs., LLC*, No. 16-

14354, 2017 WL 4791176 (E.D. La. Oct. 23, 2017), aff'd sub nom. *Fornah v. Schlumberger Tech. Corp.*, 737 F.App'x 677 (5th Cir. 2018) (citing *McCarroll*, 561 F.App'x. at 410).

In the amended complaint, Anthony alleges that Sparrows breached its duty owed to him to maintain a safe working environment, and as a result, he was injured. (Rec. Doc. 10, at 4). Specifically, Anthony claims that Sparrows's crane operators "did not take reasonable caution to keep the platform uncluttered" or keep Anthony "warned of the dangerous work environment." *Id.* He alleges that all of the Defendants were negligent for failure to properly supervise and train employees, failure to provide an adequate crew, failure to timely evacuate Plaintiff, operating the platform in an improper manner, failure to maintain the platform, vicarious liability for employees' negligence, and failure to adequately warn and protect persons on the property. *Id.* at 4-5.

Sparrows argues that Anthony does not allege any facts giving rise to a duty on the part of Sparrows to maintain a safe working environment, because Anthony's sole claim against Sparrows is that Sparrows had employees who worked on the platform and therefore Sparrows had the duty to protect Plaintiff from hazards created by other Defendants. (Rec. Doc. 17-1, at 6). Anthony alleges the "clutter" he tripped on was left out by other Defendants (Baker Hughes and Dril-Quip), that Parker was his employer and that Chevron owned and operated the platform.

In response, Anthony argues that his amended complaint met the threshold demanded by Rule 8(a) regarding his claims against Sparrows because he stated a

plausible short and plain statement of his claim, including the act Sparrows committed, Sparrows's duty to him and breach of that duty, and his injury. (Rec. Doc. 19, at 5).

The Court disagrees that Anthony stated a claim. First, the parties agree that Sparrows, a contractor with employees on the platform, did not employ or supervise Anthony. The parties also agree that Sparrows did not own or operate the platform. Therefore, Sparrows owed no duty to Anthony, and Anthony's allegation that Sparrows owed him a duty to maintain a safe working environment is a legal conclusion not supported by Louisiana law.

Second, Anthony has not alleged any specific acts or omissions by Sparrows or its employees, let alone sufficient facts to support an inference that Sparrows breached any duty. Instead, the amended complaint claims that the dangerous condition (the equipment which Anthony tripped over) was created by the other Defendants on Chevron's platform. Anthony's claim that Sparrows breached its duty owed to him is a legal conclusion that will not suffice to defeat this motion to dismiss.

Finally, Sparrows argues that further amendment of Anthony's complaint will be futile because Anthony already amended once after receiving Sparrows' first motion to dismiss and because there is no legal basis for holding Sparrows liable for Anthony's injuries. (Rec. Doc. 17-1, at 16). The Court has already afforded Anthony the chance to amend his claims against Sparrows. Further, because Sparrows owed no duty to Anthony, amendment would be futile.

II.     **Rule 12(e) Motion for More Definite Statement**

Because the Court must grant Sparrows's motion to dismiss, the Rule 12(e)

motion for more definite statement is moot.

Accordingly,

<u>**CONCLUSION**</u>

**IT IS HEREBY ORDERED** that the *Motion to Dismiss for Failure to State a*

*Claim and Alternative Motion for More Definite Statement* **(Rec. Doc. 17)** is

**GRANTED** and Plaintiff's claims against Sparrows are **DISMISSED with**

**prejudice.**

New Orleans, Louisiana, this 4th day of October, 2023.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE